JAMES JOSEPH PASGOVE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 13135

September 30, 1982                                        651 P.2d 100

*Morgan D. Harris,* Public Defender, and *Robert H. Thompson,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *James N. Tufteland* and *Thomas Ferraro,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of first degree kidnapping without the use of a deadly weapon and robbery with the use of a deadly weapon. We are asked to reverse the jury's verdict on the basis of asserted error by the trial judge in rulings concerning two areas of testimony. For reasons hereinafter specified, we reject appellant's contentions, and affirm the decision below.

At trial, during the course of direct examination, the prosecuting attorney asked the victim if police officers had inquired as to her willingness to take a polygraph examination. The victim responded affirmatively, stating she told the officers that she would be willing to do so if it were necessary. Although defense counsel did not immediately object to the questioning of the victim in regard to her willingness to take a polygraph examination, he did subsequently move the court for a dismissal or in the alternative for a mistrial on the grounds of prejudicial error resulting from the polygraph question. The trial court denied appellant's motion, but did admonish the jury to disregard the victim's testimony concerning the polygraph examination. Appellant argues that the prosecutor's polygraph question constitutes reversible error.

The record reflects an untimely objection by appellant's counsel to the questioning and testimony of the victim regarding the polygraph examination. We have consistently held that failure to make a timely objection will preclude appellate consideration. Abram v. State, 95 Nev. 352, 594 P.2d 1143 (1979); Matthews v. State, 94 Nev. 179, 576 P.2d 1125 (1978); and

Wilson v. State, 86 Nev. 320, 468 P.2d 346 (1970). *See also* NRS 47.040.

Furthermore, even if the polygraph questions and responses were deemed error, they are nevertheless harmless. In view of the fact that the record reflects substantial evidence of appellant's guilt, it is apparent that a conviction would have resulted even if error had not been committed. Therefore, reversal is not warranted. Sanders v. State, 96 Nev. 341, 609 P.2d 324 (1980); Hendee v. State, 92 Nev. 669, 557 P.2d 275 (1976).

Appellant also asserts as error the striking of testimony by an automobile mechanic who was familiar with appellant's car. Appellant sought to have the mechanic corroborate appellant's statement to the police that he possessed a knife for the purpose of cutting the hoses on the air conditioning unit of his car in order to alleviate overheating. The mechanic testified that it would be possible to relieve the problem of overheating by cutting either a belt or a hose. We sustain the decision of the trial court striking this testimony as being irrelevant.

Only evidence which is relevant is admissible. NRS 48.025. Relevant evidence is defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. NRS 48.015. Although the mechanic's testimony may have verified the appellant's statement as to his reason for possessing the knife, the testimony is not relevant to whether the appellant committed the crimes charged. Even if the appellant had used the knife to make repairs on his automobile, that fact would not have precluded his use of the same knife as a weapon in the commission of the crime charged. Accordingly, the exclusion of the mechanic's testimony was not error.

Additional issues raised by appellant are without merit and need not be discussed.

The judgment of conviction is affirmed.