WILLIAM PATRICK NOBLES, Appellant, v. WARDEN, NEVADA DEPARTMENT OF PRISONS, Respondent.

No. 20715

February 22, 1990                    787 P.2d 390

*William Patrick Nobles,* In Proper Person, Appellant.

*Brian McKay,* Attorney General, Carson City, for Respondent.

# OPINION

*Per Curiam:*

In September of 1988, appellant was convicted, pursuant to a guilty plea, of one count of attempted sexual assault and was sentenced to serve twenty years in the Nevada State Prison. Appellant did not file a direct appeal challenging his conviction. On November 13, 1989, however, appellant filed in the district court the instant post-conviction petition for a writ of habeas corpus. The district court denied the petition summarily without requiring the state to answer the allegations therein. This appeal followed.

Appellant alleged in his petition that his twenty-year sentence was based on mistakes of fact that were contained in the presentence report. We note, however, that appellant failed to point out to the district court the alleged errors that were contained in the presentence report. Under these circumstances, this constituted only a naked claim for relief. Therefore, the district court did not err when it denied this claim for relief without an evidentiary hearing. *See* Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984).

Appellant also contended below that his twenty-year sentence was cruel and unusual because his co-defendant received only eight years in prison for his role in the crime. He contended that this court held in Biondi v. State, 101 Nev. 252, 699 P.2d 1062 (1985), that such disparity in sentencing of co-defendants violates due process. We note, however, that *Biondi* was a death case in which this court conducted a proportionality review of the death sentence pursuant to former NRS 177.055(2)(d). Thus, the issues facing the *Biondi* court differed substantially from the issues presented in this case. We also note that sentencing is an individualized process; therefore, no rule of law requires a court to sentence co-defendants to identical terms. *See* People v. Walford, 716 P.2d 137 (Colo.App. 1985). Thus, appellant's allegations, without more, were insufficient to state a claim for relief from his sentence. Therefore, the district court did not err when it denied this claim for relief without an evidentiary hearing. *See* Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984).

Having reviewed the record on appeal, and for the reasons set forth above, we conclude that appellant cannot demonstrate error in this appeal, and that briefing and oral argument are unwarranted. *See* Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), *cert. denied,* 423 U.S. 1077 (1976). Accordingly, we affirm the order of the district court.