PAUL DAVID RANDELL, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 22944

February 4, 1993 846 P.2d 278

*Michael R. Specchio,* Public Defender and *Janet Cobb Schmuck,* Deputy Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Paul Randell and Al Dawson brutally murdered Genevieve

---

[3]HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this matter.

McCoskey by stabbing her to death during a robbery at her home. Genevieve's teenage sons, Hubert and Michael, and Michael's friend Eddie Ward, were in the home at the time of the murder. After stabbing Hubert, Randell and Dawson tied up the three boys and locked Michael and Eddie in a closet. Randell and Dawson are acquaintances of the three boys.

Randell pleaded guilty to one count of first degree murder in violation of NRS 200.010, NRS 200.030 and NRS 193.165; one count of burglary in violation of NRS 205.060; one count of battery with the use of a deadly weapon in violation of NRS 200.481; and one count of robbery with the use of a deadly weapon in violation of NRS 200.380 and NRS 193.165. In exchange for the plea, the state agreed to the dismissal of six additional felony charges, and did not seek imposition of the death penalty.

During the sentencing hearing, the district court permitted a victim to address his desires about sentencing. Michael McCoskey stated the following: "I wish that [Randell and Dawson] would spend the rest of their lives in jail and that they would die there. And have every torment possible that a jail can give them."

The district court sentenced Randell to a life term without the possibility of parole, plus a consecutive life term without the possibility of parole for use of a weapon for the murder conviction; a five-year term for the burglary conviction; a five-year term for the battery with a deadly weapon conviction; and a five-year term, plus a consecutive five-year term for use of a weapon with respect to the robbery. The sentence imposed for burglary is to run concurrently with the sentence imposed for murder. The sentence imposed for battery with a deadly weapon is to run consecutively to the sentences imposed for murder, burglary, and robbery with the use of a deadly weapon. The sentences imposed for robbery are to run consecutively to each other, and concurrently with the sentences imposed on the other convictions. All sentences are to be served in the Nevada State Prison.

Randell contends that he was denied a fair sentencing hearing because the district court permitted a victim to address his desires about Randell's sentence.[1] Randell suggests that NRS 176.015(3) is a limitation on the subject matter to which victims may express

---

[1] While Randell's failure to make a timely objection to the statement would ordinarily preclude appellate consideration of this issue, *see* Pasgove v. State, 98 Nev. 434, 651 P.2d 100 (1982), we conclude that a decision on the merits is warranted because of the constitutional issue presented by the state. *See* Emmons v. State, 107 Nev. 53, 807 P.2d 718 (1991).

their views.[2] Specifically, Randell contends that nothing in NRS 176.015 authorizes a victim to express a view as to the amount of prison time to which the defendant should be sentenced. We disagree with Randell's interpretation of the statute.

NRS 176.015(3) is similar in scope to statutes enacted in Arizona and California. Buschauer v. State, 106 Nev. 890, 893, 804 P.2d 1046, 1048 (1990) (citing Ariz. Rev. Code § 13-702(F); Cal. Penal Code § 1191.1). Courts in both states take expansive views of their victim impact statutes, concluding that they are designed to grant victims expanded rights, rather than to limit the rights of victims. *See* State v. Ross, 696 P.2d 706 (Ariz.Ct.App. 1984); People v. Mockel, 276 Cal.Rptr. 559 (Cal.Ct.App. 1990); People v. Sewell, 259 Cal.Rptr. 34 (Cal.Ct.App. 1989); People v. Zikorus, 197 Cal.Rptr. 509 (Cal.Ct.App. 1983). NRS 176.015(3) permits the victim to "[r]easonably express any views concerning . . . the person responsible." The statute is broad enough to encompass views about sentencing.

The state concedes that it was error for the district court to receive the victim's testimony regarding sentencing. The state argues, nevertheless, that the error is harmless. In support of its argument that receipt of the testimony was error, the state cites to Booth v. Maryland, 482 U.S. 496 (1987); Payne v. Tennessee, 111 S.Ct. 2597 (1991); and Homick v. State, 108 Nev. 127, 825 P.2d 600 (1992).[3] The state's reliance on these cases is misplaced. Although *Booth* severely restricted the use of victim impact statements, the United States Supreme Court specifically stated, "We imply no opinion as to the use of [victim impact] statements in noncapital cases." *Booth*, 482 U.S. at 509 n.12. *Booth, Payne* and *Homick* involved capital cases with a jury as the decision maker. This case did not involve the death penalty, nor was a jury the decision maker. The state wrongfully conceded this issue. It was not error for the district court to receive the statement.

"[J]udges spend much of their professional lives separating the wheat from the chaff and have extensive experience in sentencing, along with the legal training necessary to determine an

---

[2]NRS 176.015(3) provides:

> Before imposing sentence the court shall afford the victim an opportunity to:
> (a) Appear personally or by counsel; and
> (b) Reasonably express any views concerning the crime, the person responsible, the impact of the crime on the victim and the need for restitution.

[3]We note that *Booth* was overruled in part by *Payne*.

appropriate sentence." People v. Mockel, 276 Cal.Rptr. 559, 563 (Cal.Ct.App. 1990). The district court is capable of listening to the victim's feelings without being subjected to an overwhelming influence by the victim in making its sentencing decision. A sentencing judge is allowed wide discretion in imposing a sentence; absent an abuse of discretion, the district court's determination will not be disturbed on appeal. Deveroux v. State, 96 Nev. 388, 610 P.2d 722 (1980). In this case, the district court did not abuse its discretion in sentencing Randell after hearing a victim's opinion about sentencing. A victim may express an opinion regarding the defendant's sentence in a noncapital case. Accordingly, we affirm the conviction.