An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHELLE LYNN WINSHIP,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62004

FILED

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of larceny from the person not amounting to robbery. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

First, appellant contends that her conviction should be reversed because the property was not taken from the victim's person. However, appellant waived any challenge to the factual basis of her conviction when she entered her guilty plea without preserving the issue for review on appeal. See Webb v. State, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975) (stating that the entry of a guilty plea generally waives any right to appeal from events occurring prior to the entry of the plea); Tollett v. Henderson, 411 U.S. 258, 267 (1973) (holding that a guilty plea signifies a break in the chain of events preceding it in the criminal process and a criminal defendant who has admitted guilt in open court "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); NRS 174.035(3).

Second, appellant alleges that the district court abused its discretion in sentencing her to serve 24 to 60 months in the Nevada State

13-10427

Prison. The district court is afforded considerable discretion in imposing a sentence, and its determination will not be disturbed absent an abuse of discretion. Randell v. State, 109 Nev. 5, 8, 846 P.2d 278, 280 (1993). Abuse of discretion will be found only when the record shows "prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence." Silks v. State, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Appellant does not argue that the district court relied on impalpable or highly suspect evidence; therefore, we conclude the district court did not abuse its discretion.

Third, appellant contends that her sentence was disproportionate to the facts and circumstances of the case and to the sentences imposed on her codefendants, constituting cruel and unusual punishment. A sentence that falls within the statutory guidelines is not considered cruel and unusual unless the statute is unconstitutional or the sentence is "so unreasonably disproportionate to the offense as to shock the conscience." Blume v. State, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (internal quotation marks omitted). There is no legal requirement that codefendants be sentenced to identical terms. Nobles v. Warden, 106 Nev. 67, 68, 787 P.2d 390, 391 (1990) (emphasizing that "sentencing is an individualized process").

Appellant does not allege that the relevant statutes are unconstitutional, and her sentence falls within the statutory guidelines. See NRS 193.130(2)(c); NRS 205.270(1)(a). The instant offense involved appellant taking a wallet, as her codefendants distracted the victim, and then backing a vehicle into a bystander as she fled the scene. We conclude that the sentence imposed is not unreasonably disproportionate to the

offense and therefore does not constitute cruel and unusual punishment. Accordingly, we

ORDER the judgment of the conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Steven P. Elliott, District Judge
       Michael V. Roth
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk