An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES KENNETH WAYNE MATLEAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60720

**FILED**

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of first-degree murder and conspiracy to commit murder. Ninth Judicial District Court, Douglas County; Michael P. Gibbons, Judge.

First, appellant James Kenneth Wayne Matlean contends that the State breached the plea agreement. Specifically, Matlean contends that the plea agreement required the State to make more than a bare recommendation for a sentence of life with the possibility of parole and that the State explicitly repudiated the plea agreement by implying that Matlean had been untruthful. We disagree. According to Matlean's plea agreement, the State was only obligated to recommend a sentence of life in prison with the possibility of parole and the State reserved the right to "comment upon the circumstances of the crime" and "correct factual misstatements made by the defendant." Here, the district court solicited information from the State about whether it believed Matlean's claim that his girlfriend conspired with him to commit the murder. Matlean's girlfriend denied any role in the conspiracy. The State responded to the

13-10486

district court's inquiry by stating that it was not sure which person was telling the truth about the girlfriend's role in the conspiracy. These comments were within the State's discretion to "comment upon the circumstances of the crime," and we conclude that the State did not breach its obligations under the plea agreement.

Second, Matlean contends that the district court committed reversible error by not allowing him to cross-examine a witness who presented victim impact testimony. Matlean did not make a request to cross-examine the witness. Therefore, Matlean's contention that the district court prevented him from doing so lacks merit and he is not entitled to relief on this claim.

Third, Matlean contends that the district court was improperly influenced by the victim impact testimony of the victim's wife. "So long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence, this court will refrain from interfering with the sentence imposed." Silks v. State, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). The witness' statement was not impalpable or highly suspect evidence. See Randell v. State, 109 Nev. 5, 7-8, 846 P.2d 278, 280 (1993). Therefore, we conclude that Matlean is not entitled to relief on this claim.

Fourth, Matlean asks this court to overrule our opinion in Randell v. State, 109 Nev. 5, 7-8, 846 P.2d 278, 280 (1993), permitting a

witness to express an opinion as to a defendant's sentence in a noncapital case. Matlean has offered no persuasive authority in support of his argument and we therefore decline his invitation to revisit this issue.

Having considered Matlean's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                   Cherry

cc:    Hon. Michael P. Gibbons, District Judge
       Kenneth A. Stover
       Attorney General/Carson City
       Douglas County District Attorney/Minden
       Douglas County Clerk