An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCO ANTONIO RODRIGUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61593

**FILED**

MAY 1 5 2013


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of battery with a deadly weapon causing substantial bodily harm. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant Marco Rodriguez contends that his right to confront his accusers was violated at sentencing because the prosecutor used hearsay statements of witnesses to contradict Rodriguez's claim that he acted in self-defense. Because Rodriguez did not object to the prosecutor's use of these statements below, we review for plain error affecting his substantial rights. *See* NRS 178.602; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). We conclude that this claim lacks merit. The district court "is privileged to consider facts and circumstances that would not be admissible at trial," *Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996), including hearsay and testimony that would otherwise violate the Confrontation Clause, *Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006). Because the hearsay statements given at sentencing had "some minimal indicia of reliability," Rodriguez's rights were not violated. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001) (internal quotation marks omitted).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14363

Rodriguez also contends that the district court abused its discretion by imposing a disproportionate sentence amounting to cruel and unusual punishment. We disagree. This court will not disturb a district court's sentencing determination absent an abuse of discretion. *See Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Rodriguez's prison term of 60-180 months falls within the parameters provided by the relevant statute, *see* NRS 200.481(2)(e)(2), and is not so unreasonably disproportionate to the gravity of the offense as to shock the conscience, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). Rodriguez's assertion that his sentence is cruel and unusual because his codefendant's sentence was less severe lacks merit. *Nobles v. Warden*, 106 Nev. 67, 68, 787 P.2d 390, 391 (1990) (emphasizing that "sentencing is an individualized process"). We conclude that the district court did not abuse its discretion at sentencing.

Having considered Rodriguez's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                              Saitta

cc:   Hon. Jerome Polaha, District Judge
      McMahon Law Offices, Ltd.
      Law Office of Thomas L. Qualls, Ltd.
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk