An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT BENEDICT WENKER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63416

FILED

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of sexual assault and one count of lewdness with a child under 14 years. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge. Appellant Robert Benedict Wenker raises two errors on appeal.

First, Wenker contends that the district court abused its discretion by running his punishments for all three counts consecutively after reading a statement in the presentence investigation report from the victim's mother that "she would like to see the defendant sentenced to a minimum of 30 years."[1] We have consistently afforded the district court

---

[1]Wenker also argues for the first time in his reply brief that the district court's imposition of consecutive sentences was arbitrary because nothing guides a district court's discretion to impose consecutive or concurrent sentences under NRS 176.035 and the district court abused its discretion when it failed to explain why it ran all three counts consecutively. Nevada appellate rules do not permit Wenker to raise new
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31001

wide discretion in its sentencing decision, *see, e.g., Houk v. State,* 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State,* 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976).

Wenker does not allege that this statement or any other evidence was founded on impalpable or highly suspect evidence but nonetheless contends that the district court abused its discretion by admitting the statement in violation of the Eighth Amendment. Wenker has failed to demonstrate that the statement violated his rights under the Eighth Amendment. *See McNelton v. State,* 111 Nev. 900, 906, 900 P.2d 934, 938 (1995) (victim impact evidence is "not categorically barred by the Eighth Amendment") (citing *Payne v. Tennessee,* 510 U.S. 808, 825 (1991)); *see also State v. Martinez,* 304 P.3d 54, 59 (Utah 2013) ("[T]he Eighth Amendment doctrine of *Payne,* which establishes an absolute bar on certain types of victim impact testimony, does not apply to sentencing proceedings where death is not an option."). NRS 176.145(1)(c) requires that presentence investigation reports contain, "[i]nformation concerning the effect that the offense committed by the defendant has had upon the victim . . . to the extent that such information is available from the victim

---

*...continued*
issues for the first time in a reply brief. NRAP 28(c). Therefore, we decline to address these issues on appeal.

or other sources." "[T]he extent of the information to be included in the report is solely at the discretion of the Division." NRS 176.145(1)(c). Given that this court has held that it was not error for the district court to hear an oral victim-impact statement requesting that the defendants "spend the rest of their lives in jail," *Randell v. State*, 109 Nev. 5, 6-7, 846 P.2d 278, 279-80 (1993), we conclude that the district court did not abuse its discretion at sentencing by considering a similar statement in the Division of Parole and Probation's written report.

Second, Wenker contends that the district court imposed a disproportionate sentence constituting cruel and unusual punishment in violation of the United States Constitution. U.S. Const. amend. VIII. Wenker argues that because he is 65 years old and not likely to live to the age of 95, his sentence of three consecutive life terms, each carrying a minimum parole eligibility after 10 years, is unconstitutionally disproportionate to the gravity of his offenses because it amounts to a sentence of life without the possibility of parole. In other words, Wenker argues that his punishment is cruel and unusual because the last third of his life will likely be spent in prison. Wenker pleaded guilty to sexually assaulting and committing lewd acts with the child victim on multiple occasions over a period of five years, more than a third of the child's entire life. Wenker's sentence falls within the parameters provided by the relevant statutes, *see* NRS 201.230(2); NRS 200.366(2)(b), and we conclude that his sentence is not so unreasonably disproportionate to the gravity of the offenses as to shock the conscience, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion); *see also People v. Cisneros*, 855 P.2d

822, 826 (Colo. 1993) (en banc) ("[M]itigating factors, such as the defendant's [old] age, are irrelevant in determining whether a punishment is proportionate to the crime under the Eighth Amendment."); *United States v. Murphy*, 899 F.2d 714, 719 (8th Cir. 1990) ("[Old] age is irrelevant to the validity of . . . sentences under the Eighth Amendment."). Therefore, Wenker's sentence did not amount to cruel and unusual punishment, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Lidia Stiglich, District Judge
       Richard F. Cornell
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk