An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW DAVID KRIEGER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62824

**FILED**

MAY 06 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of voluntary manslaughter and aiding and abetting kidnapping in the second degree. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.[1]

First, Krieger contends that the district court abused its discretion by sentencing him differently from his codefendants even though they "each participated almost equally in the murder," and imposing a cruel and unusual sentence "in excess of that needed for society's interests." We disagree with these contentions. The district court is afforded wide discretion at sentencing, *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000), and this court will refrain from interfering with the sentence imposed "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or

---

[1]The State failed to file a fast track response in this case. Although we could exercise our discretion to treat this blatant dereliction as a confession of error, *see* NRAP 31(d); *Polk v. State*, 126 Nev. ___, ___, 233 P.3d 357, 359-60 (2010), we decline to do so because the claims raised clearly lack merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-14481

accusations founded on facts supported only by impalpable or highly suspect evidence." *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Regardless of its severity, a sentence within the statutory limits is not "cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). Moreover, "sentencing is an individualized process; therefore, no rule of law requires a court to sentence codefendants to identical terms." *Nobles v. Warden*, 106 Nev. 67, 68, 787 P.2d 390, 391 (1990).

Here, the district court was presented with evidence that Krieger goaded the victim into a confrontation, knocked him unconscious, and beat his unconscious body, causing his death. Krieger's consecutive prison terms of 48-120 months and 72-180 months and fine of $10,000 fall within the parameters imposed by the relevant statutes, *see* NRS 200.080; NRS 200.340(2), and Krieger fails to demonstrate that these statutes are unconstitutional or that the district court relied solely upon impalpable or highly suspect evidence when imposing sentence. We conclude that the district court did not abuse its discretion.

Second, Krieger contends that the State erroneously cross-examined his mother at sentencing regarding her knowledge of offenses he committed as a juvenile without following the proper procedure to unseal his juvenile records, and that the district court erroneously considered his juvenile offenses when imposing sentence. We disagree with these contentions. Krieger does not demonstrate that the information regarding

his juvenile offenses was obtained from sealed records. *See generally Zana v. State*, 125 Nev. 541, 546, 216 P.3d 244, 247 (2009) (the act of sealing a juvenile's records only erases the official record of his involvement with the criminal justice system, "not his actual conduct and certainly not his conduct's effect on others"). Moreover, Krieger did not object to the inclusion of the juvenile offenses in the presentence investigation report, the district court's consideration of the offenses, or the cross-examination of his mother, and we conclude that he fails to demonstrate plain error affecting his substantial rights. *See Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 507 (2009) (reviewing unobjected to errors at sentencing for plain error).

Third, Krieger contends that (1) the district court's order that he pay $5,000 in attorney's fees violates his right to equal protection, (2) NRS 178.3975 is unconstitutionally vague, and (3) the $5,000 attorney fee demand was excessive and constituted an impermissible fine because the district court failed to consider the burden that paying the fees would place on him and his family. We disagree with these contentions. Krieger's equal protection challenge fails because NRS 178.3975 does not burden a suspect class and is reasonably related to a legitimate government interest. *See Rico v. Rodriguez*, 121 Nev. 695, 703, 120 P.3d 812, 817 (2005). Moreover, the statute is not penal, *see State v. Webster*, 102 Nev. 450, 454, 726 P.2d 831, 833-34 (1986), and therefore does not implicate the void-for-vagueness doctrine, *see Glauner v. Miller*, 184 F.3d 1053, 1055 (9th Cir. 1999). Finally, Krieger did not object to the imposition of attorney's fees and he fails to demonstrate that the district court did not consider all relevant factors when imposing them. *See* NRS 178.3975(2).

Having considered Krieger's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Saitta

PICKERING, J., concurring in part and dissenting in part:

I agree that Krieger's claims lack merit and concur with the denial of these claims. I write separately to address respondent's counsel's failure to file a fast track response.

When a party fails to file a brief on appeal, this court can impose any number of meaningful sanctions. *See* NRAP 3C(n); NRAP 31(d). By rule, this court may dismiss an appeal where the appellant fails to file an opening brief, NRAP 31(d), but when the appellant has a constitutional right to effective assistance of appellate counsel, the court typically imposes sanctions other than dismissal of the appeal. *See, e.g., Burke v. State*, 110 Nev. 1366, 887 P.2d 267 (1994) (imposing monetary and other sanctions against appellant's counsel, rather than dismissing the appeal, for counsel's failure to brief the appeal). In contrast, the respondent's failure to file a brief can be treated as a confession of error. NRAP 31(d); *Polk v. State*, 126 Nev. ___, ___, 233 P.3d 357, 359-60 (2010). This court, however, will not impose this sanction if the claims raised by

Supreme Court
OF
Nevada

(O) 1947A

4

appellant clearly lack merit. *See Hewitt v. State*, 113 Nev. 387, 392, 936 P.2d 330, 333 (1997), *overruled on other grounds by Martinez v. State*, 115 Nev. 9, 11-12 & n.4, 974 P.2d 133, 134-35 & n.4 (1999). Because Krieger's claims clearly lack merit, I agree that treating respondent's failure to file a fast track statement as a confession of error is not appropriate. Nevertheless, respondent's counsel's complete failure to file a fast track response was a material violation of our procedural rules, *see* NRAP 3C(f)(1)(A) ("Within 20 days from the date a fast track statement is served, the respondent *shall* serve and file a fast track response." (emphasis added)), and for that reason I would impose a monetary sanction against respondent's counsel, *see* NRAP 3C(n) (identifying the failure to file a fast track response as a sanctionable action).

_____, J.
Pickering

cc:    Hon. Michael Montero, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Humboldt County District Attorney
       Humboldt County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A