An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAUNNA LEANN DODD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64718

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a firearm. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant Shaunna Leann Dodd argues that the district court committed reversible error in providing insufficient limiting instructions to the jury on evidence of her prior bad acts, that the district court abused its discretion in admitting evidence of an extramarital sexual encounter with Ryan Bonnenfant, that the district court abused its discretion in relying on her apparent lack of remorse in sentencing, and that her sentence shocks the conscience. We disagree.

Dodd argues that the district court erred in failing to provide a limiting instruction before the testimony of each witness who testified to prior bad acts. "[T]he trial court should give the jury a specific instruction explaining the purposes for which [prior bad act] evidence is admitted immediately prior to its admission and should give a general instruction at the end of trial." *Tavares v. State,* 117 Nev. 725, 733, 30 P.3d 1128, 1133

14-40292

(2001). Here, the district court gave a limiting instruction before any prior bad act testimony was presented. However, the first witness who testified after that instruction did not address any prior bad acts; the next seven witnesses testified to prior bad acts but there was no limiting instruction immediately before their testimony. The district court provided another limiting instruction before the jury deliberated. Although Dodd did not object to the manner in which the district court instructed the jury, it does not appear that she "explicitly waive[d] the limiting instruction prior to the admission of the evidence" so as to relieve the district court of its duty to properly instruct the jury. *Mclellan v. State*, 124 Nev. 263, 270, 182 P.3d 106, 111 (2008). We agree with Dodd that the district court erred in failing to give a limiting instruction *immediately* before the testimony relating to Dodd's prior bad acts. We are not persuaded, however, that this error had any injurious effect or influence on the jury's verdict in light of the instructions provided and the overwhelming direct evidence supporting Dodd's conviction. *See id.* at 269, 182 P.3d at 110 ("The failure of the district court to issue a limiting instruction will be reviewed for nonconstitutional error under NRS 178.598."). In particular, by providing a limiting instruction before the jury heard any testimony regarding prior bad acts, the district court guided the jury to avoid considering the evidence for an improper purpose. *Tavares*, 117 Nev. at 733, 30 P.3d at 1133; *see Rhymes v. State*, 121 Nev. 17, 24, 107 P.3d 1278, 1282 (2005) (finding error harmless where the district court erred by failing to give a bad-act limiting instruction at the time the testimony was admitted but gave a limiting instruction prior to the jury being charged); *Leonard v. State*, 117 Nev. 53, 66, 17 P.3d 397, 405 (2001) (providing that the jury

shall be presumed to have followed its instructions). We conclude that no relief is warranted on this claim.

Dodd argues further that the district court abused its discretion in admitting testimony about an extramarital sexual encounter between Dodd and Ryan Bonnenfant because this evidence of infidelity would unfairly prejudice the jury against Dodd. Under NRS 48.045(2), prior bad act evidence is not admissible to prove the character of a person, but may be admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Here, the district court conducted a hearing outside the jury's presence as required by *Petrocelli v. State,* 101 Nev. 46, 51, 692 P.2d 503, 507 (1985), *modified on other grounds by Sonner v. State,* 112 Nev. 1328, 1333–34, 930 P.2d 707, 711–12 (1996) *and superseded in part by statute as stated in Thomas v. State,* 120 Nev. 37, 45, 83 P.3d 818, 823 (2004), and determined that the evidence was relevant to Dodd's motive to kill her husband, that the prior bad act was proven by clear and convincing evidence, and that the evidence was more probative than unfairly prejudicial. *See Bigpond v. State,* 128 Nev. ___, ___, 270 P.3d 1244, 1250 (2012) (discussing three findings required to overcome presumption under NRS 48.045(2) that prior bad act evidence is inadmissible). The record supports each of the district court's determinations. Accordingly, we conclude that the district court did not abuse its discretion in admitting evidence of Dodd's infidelity with Bonnenfant. *See Braunstein v. State,* 118 Nev. 68, 72, 40 P.3d 413, 416 (2002) (stating that decision whether to admit prior bad act evidence is discretionary and will not be reversed absent a manifest abuse of discretion).

We reject Dodd's argument that the district court improperly relied on her apparent lack of remorse in imposing its sentence. Where the sentencing judge considers the defendant's lack of remorse in setting a sentence and the defendant maintains that she is not guilty of the offense, the sentencing judge violates the defendant's Fifth Amendment rights because the defendant will be unable to show remorse without giving up her right to not incriminate herself. *See Brake v. State,* 113 Nev. 579, 584-85, 939 P.2d 1029, 1033 (1995). Although such a violation constitutes an abuse of discretion that requires resentencing before a different district judge, *id.* at 585, 939 P.2d at 1033, the record in this case does not reflect a violation of Dodd's Fifth Amendment rights. The district judge's explanation of his sentence clearly shows that he regarded Dodd's conduct during the sentencing hearing as illustrative of her capacity for criminality and that it was her capacity for criminality that warranted sentencing at the high end of the statutory limits. This explanation shows that the district court did not impose a harsher sentence based on Dodd's failure to express remorse, but rather that the sentence was based on Dodd's life, conduct, and mental and moral propensities, which are proper considerations at sentencing. *See Denson v. State,* 112 Nev. 489, 494, 915 P.2d 284, 287 (1996). Thus, we conclude that the district court did not abuse its discretion in imposing its sentence. *See Randell v. State,* 109 Nev. 5, 8, 846 P.2d 278, 280 (1993) (reviewing the district court's sentencing determination for an abuse of discretion).

We also reject Dodd's argument that her sentence shocks the conscience. The trial court has wide discretion in imposing a sentence, and this court will uphold its determination absent a showing of an abuse

of discretion. *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The district court sentenced Dodd in accordance with the statutory parameters. *See* NRS 193.165; NRS 200.030. Dodd has not challenged the constitutionality of those statutes, and we are not convinced that the sentence imposed is so unreasonably disproportionate to the offense as to shock the conscience. We therefore conclude that the sentence is not cruel or unusual and that the district court acted within its discretion.[1]

---

[1]To the extent that Dodd argues, by footnote, that the district court relied on uncharged "crimes" in sentencing her, we are not persuaded that the record shows that the district court did, in fact, punish Dodd for uncharged offenses in imposing this sentence, especially as the district judge's explanation made clear the extent to which he was moved by his perception of Dodd's moral character. *See Denson*, 112 Nev. at 494, 915 P.2d at 287 (holding that it is improper to impose a sentence that intends to punish a defendant for uncharged crimes, while noting that such crimes may be considered as part of a fuller assessment of the defendant's life and moral propensities).

Having considered Dodd's contentions and concluding that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

cc:   Hon. David A. Hardy, District Judge
      Washoe County Public Defender
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk