An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES RAY SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66738

**FILED**

OCT 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of sexual assault causing substantial bodily harm. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant Charles Ray Smith argues that the district court abused its discretion by considering impalpable or highly suspect evidence when it sentenced him. "So long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence, this court will refrain from interfering with the sentence imposed." *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). When an appellant has not previously objected, we review claims of prosecutorial misconduct and improper victim-impact testimony for plain error. *Dieudonne v. State*, 127 Nev. 1, 10, 245 P.3d 1202, 1208 (2011); *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). Plain error review requires an appellant to demonstrate that the error affected his substantial rights "by causing actual prejudice or a miscarriage of justice." *Valdez*, 124 Nev. at 1190, 196 P.3d at 477 (internal quotation marks omitted). We review preserved objections of prosecutorial misconduct in a two-step analysis: whether the

SUPREME COURT
OF
NEVADA

(O) 1947A

15-31450

conduct was improper, and, if so, whether reversal is warranted. *Id.* at 1188, 196 P.3d at 476.

Smith first argues that the prosecutor committed misconduct by misrepresenting defense characterizations of a 2012 offense. No objection was made. Having considered the record and the prosecutor's statements regarding the 2012 case, Smith has not shown actual prejudice or a miscarriage of justice. Thus, we conclude that relief is not warranted for Smith's claim of prosecutorial misconduct.

Smith also argued that the prosecutor committed misconduct by mischaracterizing the timing of Smith's guilty plea as it related to his remorsefulness and preserved this objection below. As the prosecutor was merely responding to defense counsel's arguments in favor of Smith's remorsefulness and did not misstate the record, *see Sherman v. State*, 114 Nev. 998, 1016, 965 P.2d 903, 915 (1998), we conclude that the prosecutor did not act improperly.

Smith next argues that the district court admitted improper victim-impact testimony when it permitted the victim to present hearsay evidence from an unknown source, make improper comments regarding future potential crimes, and question Smith's remorsefulness. Victims may express their views regarding the crime, the perpetrator, the crime's impact, and restitution. NRS 176.015(3)(b). While the reference to future potential crimes was improper and it was error to permit the victim to introduce hearsay without providing Smith with notice of the identity of the hearsay's source in order to have an adequate opportunity to rebut that testimony, *see Sherman*, 114 Nev. at 1015, 965 P.2d at 915; *Buschauer v. State*, 106 Nev. 890, 894, 804 P.2d 1046, 1049 (1990), Smith was not prejudiced by that error because the district court had been

presented with grisly details of the crime and Smith's extensive criminal history, the district court stated that it sentenced him on the basis of the nature of the crime and his criminal record, and we have held that "[t]he district court is capable of listening to the victim's feelings without being subjected to an overwhelming influence by the victim in making its sentencing decision." *Randell v. State*, 109 Nev. 5, 8, 846 P.2d 278, 280 (1993). As NRS 176.015(3)(b) permits a victim to "[r]easonably express any views concerning . . . the person responsible," the district court did not err in permitting the victim to question Smith's remorsefulness. Therefore, we conclude that Smith has not shown prejudice.

Having considered Smith's arguments and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Scott N. Freeman, District Judge
       Washoe County Alternate Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

