# IN THE SUPREME COURT OF THE STATE OF NEVADA

SANJIV NARENDERNATH
DAVESHWAR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79353

**FILED**

JUL 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.[1]

Appellant argues that he received ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors,

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

20-26199

petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that counsel did not adequately investigate before advising him to plead guilty. He asserted that had counsel investigated, he would have discovered demanding and threatening text messages from the victim. Appellant did not demonstrate deficient performance or prejudice where the record indicates that the text messages were not clearly exculpatory and some even supported the allegations against appellant. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (recognizing that petitioner must identify what a better investigation would have revealed). Therefore, the district court did not err in this claim.

Second, appellant claimed that counsel did not provide him with a copy of the police report or inform him about discussions with the prosecutor and victim's father before he waived the preliminary hearing and pleaded guilty. He asserted that he forfeited the opportunity to determine how "hostile" the adversarial parties and witnesses were. Appellant did not demonstrate deficient performance or prejudice. He did not show that the State would have been unable to establish probable cause if he had not waived the preliminary hearing. *See* NRS 171.206 (providing that a defendant shall be bound over for trial in district court upon a showing a probable cause to believe an offense has been committed by the defendant).

And considering the substantial benefit appellant received in the plea agreement (avoiding one count of sexual assault of a child under 14 years of age and two counts of lewdness with a child under 14 years of age), he did not demonstrate that he would have insisted on going to trial had he known that a witness, who was not in the car at the time of the alleged touching and thus may not have even testified at trial, would have advocated for a lenient sentence. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant claimed that counsel downplayed the seriousness of lifetime supervision by insisting that the Division of Parole and Probation was not enforcing lifetime supervision due to a Supreme Court decision. Appellant did not demonstrate deficient performance or prejudice. At the plea canvass, appellant acknowledged that he understood the terms of the plea agreement, which informed him that he was subject to lifetime supervision. He also indicated that he had not received any promises regarding his sentence. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that counsel should have moved to withdraw his guilty plea based on his assertion of his innocence, his counsel's advice to waive the preliminary hearing without letting him review the police report, and his counsel's advice that his prior convictions for sexually motivated coercion and commission of a sexual act in public could be used against him. Appellant did not demonstrate deficient performance or prejudice as he did not allege that counsel ignored a legitimate basis to withdraw the guilty plea before sentencing. "The question of an accused's guilt or innocence is generally not at issue in a

SUPREME COURT
OF
NEVADA

(O) 1947A

3

motion to withdraw a guilty plea." *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 226 (1984). Additionally, appellant has not alleged what information contained in the police report would have constituted a "fair and just" reason to withdraw his guilty plea. *Stevenson v. State*, 131 Nev. 598, 604, 354 P.3d 1277, 1281 (2015). Lastly, as counsel's concern that appellant's prior convictions would be admitted was not unfounded, *see Ledbetter v. State*, 122 Nev. 252, 262, 129 P.3d 671, 678-79 (2006) (recognizing that uncharged acts of molestation may be admitted to show motive), he did not demonstrate that counsel was ineffective. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that counsel misinformed the court at sentencing about the nature and number of his prior convictions, did not object to improper characterization by the State, did not object to the psychosexual evaluation as it was rushed, did not provide his own expert, did not use favorable text messages to challenge evidence of guilt, did not argue that the victim's father believed that probation was an appropriate sentence, and did not introduce mitigating testimony from relatives. Appellant did not demonstrate deficiency or prejudice. The presentence investigation report noted appellant's prior offenses and both counsel for the State and appellant described the offenses in their arguments. While the characterizations of those offenses differed in some respects, the record does not suggest that the sentencing court based its decision on either characterization. *See Rendell v. State*, 109 Nev. 5, 7-8, 846 P.2d 278, 280 (1993) (recognizing sentencing judges' ability to separate the "wheat from the chaff" and determine an appropriate sentence (internal quotation marks omitted)). Despite his claims that the psychosexual evaluation was rushed,

appellant does not identify any errors, allege how devoting more time to it would alter the conclusions, or assert what another expert would have concluded had he been subject to another evaluation. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Appellant has not made sufficient allegations to show that the information in the evaluation was impalpable or highly suspect. *See Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996). As the district court considered the facts related to the offense, even mentioning the text messages, and the letter from the victim's father, appellant did not demonstrate a reasonable probability that further argument would have affected the outcome at sentencing. Lastly, appellant did not allege the content of the mitigation testimony counsel failed to introduce. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that counsel should have moved for a continuance so that he could be sentenced by a judge who was more familiar with his case and with whom he did not have a possible conflict of interest. Appellant did not demonstrate deficient performance or prejudice. Appellant did not identify how further familiarity with the case might result in a lesser sentence where the sentencing judge considered the arguments of counsel, facts of the case as presented by the parties and reflected in the presentence investigation report, and the psychosexual evaluation. Additionally, neither his pleadings, nor the record, indicate that appellant informed trial counsel that 14 years before the sentencing hearing appellant hired the sentencing judge's former law firm to represent his uncle. Further, the fact that the judge's former firm represented appellant's uncle years before in an unrelated controversy is not sufficient to raise an

objectively reasonable question about his impartiality. *See* NCJC Canon 2.11(A). Therefore, the district court did not err in denying this claim.

Having considered appellant's contentions and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Barry L. Breslow, District Judge
   Sanjiv Narendernath Daveshwar
   Attorney General/Carson City
   Washoe County District Attorney
   Washoe District Court Clerk