UNITED STATES of America,
Appellee,

v.

Eli BOLDEN, Appellant.

No. 71–1565.

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1972.

Decided June 14, 1972.

Alfred I. Harris, and Morton L. Schwartz, St. Louis, Mo., on brief for appellant.

Daniel Bartlett, Jr., U. S. Atty., and David W. Harlan, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before VOGEL, LAY and BRIGHT, Circuit Judges.

PER CURIAM.

Defendant-appellant, Eli Bolden, was found guilty by a jury of having in his possession certain mail matter and an article contained therein (a Master Charge credit card) knowing the same to have been stolen, in violation of 18 U.S. C.A. § 1708. He appeals from the judgment of conviction. We affirm.

On April 10, 1971, while at an E. J. Korvette Store located in Cool Valley, Missouri, Bolden presented a Master Charge credit card for payment of a suit which he wanted to purchase. The credit card in question had been issued and mailed to James Sayles of St. Louis, Missouri. Because of the amount of the purchase, the cashier called Master Charge for an authorization. As a result, Robert Earl Cope, who is a security detective at the E. J. Korvette Store in Cool Valley, received a call from Master Charge, stating that someone was attempting to use a stolen credit card in the store. Security Officer Cope then proceeded to the men's check-out, took the Master Charge plate from the cashier and inquired as to whose card it was. Bolden responded that it was his. Cope thereupon asked appellant to accompany him to the store office in order to "straighten out the problem".

When asked for personal identification, Bolden produced a card in his own name from the Missouri State Psychiatric Hospital. After seeing the card, Security Officer Cope immediately notified the Cool Valley Police, who then effected the arrest of appellant. Cope never placed appellant under arrest, nor did he restrain him in any way.

On appeal, appellant Bolden argues that he is entitled to a new trial because (1) he was not given the *Miranda* warnings by Security Officer Cope; (2) the United States Marshal's office was unable to locate one Tony Gaskin, a potential defense witness; and (3) the trial court erred in the giving of certain instructions.

While it is true that Security Officer Cope did not give appellant the warnings required by *Miranda*, it is also true that such warnings are only required when there is a "custodial interrogation", which is defined by the Supreme Court as " * * * questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda v. Arizona, 1965, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694.

■ In view of the facts before us, we feel that Bolden was not under "custodial interrogation" because (1) Cope did not restrain appellant's freedom in any significant way; (2) appellant voluntarily admitted that he had possessed the card in question; (3) appellant voluntarily gave evidence of his true identity; (4) appellant voluntarily accompanied Cope to the store office; and (5) Security Officer Cope was not a "law enforcement official" acting in a situation where the warnings would be necessary. Miranda v. Arizona, supra, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; United States v. Birnstihl, 9 Cir., 1971, 441 F.2d 368; United States v. Antonelli, 2 Cir., 1970, 434 F.2d 335. Cf. United States v. John R. Engle, 8 Cir., 1972, 458 F. 2d 1017; Ping v. United States, 8 Cir., 1969, 407 F.2d 157, cert. denied, 1969, 395 U.S. 926, 89 S.Ct. 1784, 23 L.Ed.2d 244; Cohen v. United States, 8 Cir., 1968, 405 F.2d 34, cert. denied, 1968, 394 U.S. 943, 89 S.Ct. 1274, 22 L.Ed.2d 478.

■■ Bolden next argues that he was prejudiced in that the subpoena issued for a defense witness was returned "Not Found". Bolden argues that the witness, Tony Gaskin, would have corroborated other testimony to the effect that Gaskin gave the Master Charge card to appellant. Although the subpoena was returned "Not Found", nineteen days

elapsed between the return of the subpoena and the date of the trial. Appellant did not seek either an arrest warrant or a continuance. Additionally, members of appellant's family admitted that they saw the witness during the time in question. Clearly the government cannot be required to be successful in its efforts to subpoena witnesses in every instance. All that is required is a good faith effort to secure the service of process. Maguire v. United States, 9 Cir., 1968, 396 F.2d 327, cert. denied, 1969, 393 U.S. 1099, 89 S.Ct. 897, 21 L.Ed.2d 792. The contention of appellant is without merit.

Finally, appellant submits that his trial was prejudiced by the instructions given by the trial court. We have reviewed the instructions in their entirety and find no error therein.

Affirmed.