DONALD SCOTT SILKS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 8146

February 12, 1976 545 P.2d 1159

---

*Horace R. Goff,* State Public Defender, and *Michael R. Griffin,* Special Deputy, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City, *William P. Beko,* District Attorney, and *Peter L. Knight,* Deputy District Attorney, Nye County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Donald Scott Silks was convicted, by jury verdict, of possession of stolen property (an airplane owned by the Mexican Navy). After being sentenced to a seven-year term in the Nevada State Prison Silks caused this appeal to be perfected

wherein he contends his conviction must be reversed because the trial judge denied his motions (1) to strike portions of the presentence report; and (2) to dismiss the charges against him. He also contends, unconvincingly, that an incriminating statement made by him to a private security guard who had detained him was involuntary and therefore was inadmissible; and further, that the interpreter retained for the purpose of translating the testimony of a certain material witness was incompetent.

 .

1. We reject Silks' argument that he was prejudiced because the trial judge relied on portions of the presentence report which stated: (1) marijuana was found in the airplane; (2) there were outstanding federal warrants against Silks charging drug and narcotic offenses; (3) he had been exonerated of prior charges of contributing to the delinquency of a minor; (4) he had been convicted and sentenced to a six-year term in a Mexican prison on narcotic charges; (5) he had escaped from the Mexican prison just prior to perpetrating the theft of the aircraft from which the instant charge arose; (6) while incarcerated in the Tonopah jail, prior to trial, he had been overheard telling a cellmate that a large quantity of marijuana was buried at a specific location in Nevada; and (7) when law enforcement authorities reached the "secret" location, the marijuana cache had been removed, leaving only a few seeds and traces of leafy material.

Silks does not claim and there is nothing in the record to suggest that the presentence report contained information of a mendacious character. On that basis, this case is distinguished from United States v. Weston, 448 F.2d 626 (9th Cir. 1971), so heavily relied upon by appellant. In *Weston,* the pernicious material contained in the presentence report consisted of unsupported highly incriminating accusations of a drug dealer. The great weight afforded those accusations by the sentencing court was manifested when, before reviewing the presentence report, the court expressed its inclination to impose the minimum sentence; after reviewing the report, it imposed the maximum sentence. Here, the material contained in the presentence report was substantially more tangible in nature and was of a higher and more persuasive quality than in *Weston.*

 ██

The sentencing proceeding is not a second trial and the court is privileged to consider facts and circumstances which

clearly would not be admissible at trial. United States v. Cifarelli, 401 F.2d 512, cert. denied, 393 U.S. 987 (2d Cir. 1968); United States v. Metz, 470 F.2d 1140, cert. denied, 411 U.S. 919 (3d Cir. 1972). So long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence, this court will refrain from interfering with the sentence imposed. In that context, we first observe that the record in this case reflects no prejudice occasioned by the report,[1] and second, that the report contains no objectionable material.[2] Accordingly, we are constrained to affirm the sentence as imposed by the lower court. See Regas v. State, 91 Nev. 502, 538 P.2d 582 (1975).

2. Silks argues that his motion to dismiss should have been granted because the state did not prove, beyond a reasonable doubt, that he knew the airplane was stolen and that it was owned by the Republic of Mexico.

In denying the motion the trial judge concluded that a motion to dismiss was not the appropriate device to challenge the sufficiency of the evidence. Properly, he should have moved that the jury be advised to acquit by reason of insufficient evidence. NRS 175.381; State v. Corinblit, 72 Nev. 202, 298 P.2d 470 (1956).

Even if we assume the trial judge should have treated the motion to dismiss as a motion to advise, by instruction, the jury to acquit, under NRS 175.381, the correct result was reached because this record fully supports the jury verdict and, in such cases, the reviewing court will not disturb the verdict. Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974). Cf. Wheeler v. State, 91 Nev. 119, 531 P.2d 1358 (1975).

3. We also reject Silks' contention that the statement he made to the private security officers was involuntary and, therefore, inadmissible because they did not give him the warning required by Miranda v. Arizona, 384 U.S. 436 (1966). The same contention was considered by this court and resolved

---

[1]We note that the trial judge rejected the recommendation of the Department of Parole and Probation that Silks be sentenced for ten years and instead sentenced him to seven years.

[2]". . . [W]e believe that other criminal conduct may properly be considered, even though the defendant was never charged with it or convicted of it. Its relevance . . . is apparent." United States v. Weston, 448 F.2d 626, 633 (9th Cir. 1971).

against an accused in Schaumberg v. State, 83 Nev. 372, 374, 432 P.2d 500, 501 (1967), where we held *Miranda* applied only to "custodial interrogation initiated by police officers." Accord: United States v. Casteel, 476 F.2d 152 (10th Cir. 1973); United States v. Bolden, 461 F.2d 998 (8th Cir. 1972); United States v. Birnstihl, 441 F.2d 368 (9th Cir. 1971); and United States v. Antonelli, 434 F.2d 335 (2nd Cir. 1970).

4. Silks' final allegation of error is that the court failed to appoint a competent interpreter to translate the testimony of the witness, Commander Jimenez, relating to the Mexican Navy's ownership of the airplane. The record reflects not only the interpereter's competency, but also defense counsel's use of his own interpreter on cross-examination. No discrepancies or mistakes in the translation were demonstrated or even suggested. The contention of error is clearly spurious.

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.