Leslie Allen ACHTER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10232.

Missouri Court of Appeals,
Springfield District.

Dec. 20, 1976.

Fred L. Scherer, Jr., Sikeston, for movant-appellant.

John C. Danforth, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for respondent.

## PER CURIAM:

Leslie Allen Achter was found guilty of burglary and stealing by a jury. That conviction was affirmed on appeal. *State v. Achter*, 521 S.W.2d 761 (Mo.App.1975). He then sought relief via a motion under Rule 27.26, V.A.M.R. When this was denied without evidentiary hearing by sustention of the state's motion to dismiss, movant appealed.

■ In five subparagraphs of paragraph 8 of his motion, movant complains that the trial court in the criminal case erred (a) in denying his motion for continuance, (b) in denying his motion to suppress, (i) in refusing his offered instructions, (k) in giving instructions offered by the state, and (q) in denying his motion for a mental examination. In subparagraphs (*l*) and (m) he questions the sufficiency of the evidence at the criminal trial to support his conviction. Each of these matters was considered and rejected on direct appeal (*State v. Achter*, supra, 521 S.W.2d 761) and, therefore, cannot be considered in a postconviction proceeding under Rule 27.26. *Sweazea v. State*, 515 S.W.2d 499, 501[1] (Mo. banc 1974). By sustaining the sufficiency of the evidence on direct appeal, the court also answered movant's claims under subparagraphs (d), (e) and (f) of his motion that the trial court erred in denying his motions for directed verdict (actually, motion for judgment of acquittal—Rule 26.10) at the close of the state's evidence and at the close of all the evidence, and his motion for a new trial. If there was indeed error in overruling movant's motion for judgment of acquittal at the close of the state's evidence, such error was waived when movant thereafter introduced evidence of his own. *State v. Lewis*, 526 S.W.2d 49, 52[1] (Mo.App. 1975). A Rule 27.26 motion may not substitute for a direct appeal; neither may it be employed as a second appeal, nor be used to challenge the sufficiency of all the evidence. *Harrod v. State*, 513 S.W.2d 471 (Mo.App.1974).

■ Through subparagraph (c) of his motion, movant asserts he was denied his right to have compulsory process for obtaining witnesses. In contradiction of this allegation, movant also contends he was forced to trial when some subpoenas issued on his behalf were returned "not found" or "non est." The court nisi which denied the Rule 27.26 motion had before it the transcript on appeal in the criminal case which contains a record of the hearing held on movant's motion for a continuance. From that record it is clear that subpoenas were issued at defendant's request on more than one occasion for seven prospective witnesses. Three thereof were served. Testimony at the hearing made it clear that the officials charged with serving the subpoenas had, in

fact, made diligent search for the missing witnesses before the subpoenas were returned non est. One unfound witness was endorsed on the information as a proposed witness for the state and all unserved witnesses were shown to be living elsewhere than the State of Missouri. The state cannot be required to be successful in subpoenaing witnesses in every instance. All that is required is that the officers expend a good faith effort to secure the service of process. Movant's contention is without merit as was evident from the record without an evidentiary hearing. *United States v. Bolden,* 461 F.2d 998, 1000[2] (8th Cir. 1972).

■ Subparagraphs (g), (h) and (j) allude to alleged errors committed by the trial court in admitting state's exhibits and permitting the jury to consider them. Any error in the admission of evidence is a trial error, which is not cognizable in a Rule 27.26 proceeding. *O'Neal v. State,* 486 S.W.2d 206, 208[3] (Mo.1972); *Mayo v. State,* 524 S.W.2d 181, 182[3] (Mo.App.1975).

■ By subparagraph (n) movant says his constitutional right to freedom from cruel and unusual punishment has been violated. This refers to the treatment movant has allegedly received in the state penitentiary after conviction. However, a postconviction motion "may be invoked only by one in custody claiming the right to have a sentence vacated, set aside or corrected" [Rule 27.26(b)(1)], and since this subparagraph does not claim such a right it need not be considered. *Laster v. State,* 461 S.W.2d 839, 840–841[5] (Mo.1971).

■ In subparagraph (*o*) movant writes that his "right to the effective assistance of counsel was violated." This allegation and those set forth in paragraph 9(*o*) of the motion are mere conclusions, wholly devoid of facts and were properly dismissed without an evidentiary hearing. *Trout v. State,* 523 S.W.2d 529, 533[3] (Mo.App.1975); *Perryman v. State,* 506 S.W.2d 480, 482[6] (Mo. App.1974). In addition, movant and his attorney testified at length on this subject at the hearing held on movant's motion for a new trial in the criminal case. This testimony litigated the matter once and was before the court that determined the Rule 27.26 motion. Consequently, there was no need to repeat the procedure at an evidentiary hearing.

■ Finally, movant's ground in subparagraph (p): "The Circuit Court judge abused his discretion by ordering the sentences to run consecutively, and movant's constitutional right to trial in front of an unbiased judge was violated." In order to be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must plead facts, not conclusions, and show that such factual allegations are not refuted by the record. *State v. Clay,* 520 S.W.2d 172, 175[1] (Mo. App.1975). Subparagraph (p) states no facts, just conclusions. The record shows the trial judge exercised his discretion in determining that the sentences imposed were to be consecutive [*State v. Baker,* 524 S.W.2d 122, 131[7] (Mo. banc 1975)] and that the five-year sentences imposed were within the statutory limits of §§ 560.095 and 560.110, V.A.M.S. *Newman v. State,* 481 S.W.2d 3, 7[3] (Mo.1972).

"The trial court's sustention of the state's motion to dismiss appellant's Rule 27.26 motion is equivalent to findings of fact and conclusions of law when the basis of the ruling sufficiently appears in the record. . . . The instant motion to vacate presented no issues requiring findings of fact and conclusions of law and was subject to summary dismissal by the trial court." *Mayo v. State,* supra, 524 S.W.2d at 182[1].

The judgment is affirmed.

All concur.