LEON EUSTORGIO MORALES, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 10971

August 19, 1980                    615 P.2d 254

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard Bryan,* Attorney General, Carson City, and *Robert Miller,* District Attorney, Clark County, for Respondent.

---

[1]R. Traynor, The Riddle of Harmless Error 20, 22 (1970).

## OPINION

*Per Curiam:*

Appellant pleaded guilty to sale of controlled substance and to possession of a controlled substance. The trial court sentenced appellant to serve a term of twenty years on the sale charge, and to serve a concurrent term of six years on the possession charge. Appeal is taken from imposition of sentence.

Appellant first claims that the sentencing court violated appellant's right to equal protection because it considered appellant's status as an alien in imposing sentence. Appellant also claims that the sentencing court impermissibly considered allegations that appellant was a revolutionary and an international drug dealer.

Appellant cited no case which directly supports his argument that a court commits reversible error if he considers alienage when imposing sentence. In our view, Graham v. Richardson, 403 U.S. 365 (1971) does not support appellant's argument. Although the district judge's remarks may have been unfortunate, we find no reversible error. *Cf.* Hall v. State, 89 Nev. 366, 513 P.2d 1244 (1973).

Nor do we believe that the trial court abused its discretion in sentencing appellant. So long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded upon facts supported only by impalpable or highly suspect evidence, this court will refrain from interfering with sentence imposed. Silks v. State, 92 Nev. 91, 545 P.2d 1159 (1976). Here, the trial court inquired of the appellant to ascertain whether there was any basis for reports that appellant was a revolutionary and had dealt in weapons and narcotics, and, although appellant's attorney argued that the reports were baseless, his attorney objected when the prosecutor offered to call witnesses and substantiate the claims.

The judgments are affirmed.