An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MIA M. HARRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62194

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of felony prostitution. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant contends that her sentence of 24 to 60 months in prison constitutes cruel and unusual punishment under the United States and Nevada Constitutions considering that she accepted responsibility for the offense and successfully completed an intensive 6-month drug treatment program. Although the district court did not expressly indicate the basis for its sentencing decision, it was aware that appellant had pleaded guilty, thereby taking responsibility for her actions, and had completed a drug treatment program.

We have observed that "[a] sentence within the statutory limits is not 'cruel and unusual punishment unless the statute fixing [the] punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)). Here, the sentence is within statutory limits, *see* NRS 201.354; NRS 201.358(1)(b), and

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 17402

appellant does not challenge the statute as unconstitutional. We are not convinced that the sentence is unreasonably disproportionate to the gravity of the offense so as to violate the proscription against cruel and unusual punishment. *Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion); *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion).

To the extent appellant argues that the district court abused its discretion in sentencing appellant as it did, we discern no abuse of discretion in this instance. *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987); *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976) (recognizing that this court will not interfere with sentence imposed "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence").

Having considered appellant's arguments and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Cherry

cc: Hon. Michelle Leavitt, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk