An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS ATILIO CHACON-RODRIGUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62134

**FILED**

JUN 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of driving under the influence (DUI). Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant argues that his sentence to a prison term of 60 to 180 months for DUI constitutes cruel and unusual punishment because it is grossly disproportionate to the crime, considering that no injuries resulted, his likely deportation after serving his prison sentence, his amenability to rehabilitation, his steady employment, and the support of his family. Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The sentence imposed is within the

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17388

parameters provided by the relevant statutes, *see* NRS 484C.110(1); NRS 484C.410(1), and appellant does not allege that those statutes are unconstitutional. We are not convinced that the sentence imposed is so grossly disproportionate to the crime as to constitute cruel and unusual punishment.

To the extent appellant argues that the district court abused its discretion in sentencing him, we disagree. *See generally Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987) ("The sentencing judge has wide discretion in imposing a sentence . . . ."). This court will refrain from interfering with the sentence imposed "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence." *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Appellant does not allege that the district court relied on impalpable or highly suspect evidence. Considering appellant's three prior felonies, we are not convinced that the district court abused its discretion. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Cherry

cc: Hon. Jerome Polaha, District Judge
Washoe County Alternate Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk