An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GARY STUART RUDNICK,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 63955<br><br>**FILED**<br><br>APR 10 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a guilty plea of conspiracy to commit murder. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellant Gary Stuart Rudnick contends that the State breached his plea agreement when it failed to uphold the promises that it made to induce his plea. Rudnick acknowledges that no formal promises were made regarding the State's sentencing recommendation but argues that the State's actions represented a tacit agreement to recommend a suspended sentence.

"When the State enters into a plea agreement, it is held to the most meticulous standards of both promise and performance with respect to both the terms and the spirit of the plea bargain." *Sparks v. State*, 121 Nev. 107, 110, 110 P.3d 486, 487 (2005) (internal quotation marks omitted). "A plea agreement is construed according to what the defendant reasonably understood *when* he or she entered the plea." *Sullivan v. State*, 115 Nev. 383, 387, 990 P.2d 1258, 1260 (1999) (emphasis added).

11-11482

The written plea agreement and the plea canvass transcript demonstrate that Rudnick reasonably understood that the State was free to argue for an appropriate sentence. Moreover, the record reveals that the State's actions of not opposing Rudnick's bail reduction motion, subsequently stipulating to Rudnick's own recognizance release, and later agreeing to the removal of Rudnick's ankle monitor all occurred *after* Rudnick entered his plea and that Rudnick expressly acknowledged that the district court's decision to grant or deny a bail reduction would have no bearing on his decision to plead guilty. We conclude from this record that the State did not breach the terms or the spirit of its agreement with Rudnick.

Rudnick also contends that the district court abused its discretion at sentencing when it unfairly considered his uncharged bad acts and punished him based on testimony that he provided during Ernesto Gonzalez's trial.

We review a district court's sentencing decision for abuse of discretion. *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009). A sentencing "court is privileged to consider facts and circumstances which clearly would not be admissible at trial." *Silks v. State*, 92 Nev. 91, 93-94, 545 P.2d 1159, 1161 (1976). However, we "will reverse a sentence if it is supported *solely* by impalpable and highly suspect evidence." *Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996).

Here, the district court sentenced Rudnick to serve a prison term of 24 to 84 months, Rudnick's sentence falls within the limits

imposed by NRS 199.480(1)(b), and the record belies Rudnick's claim that the district court relied solely on highly suspect evidence in reaching its sentencing decision. Based on this record, we conclude that Rudnick has failed to demonstrate that the district court abused its discretion at sentencing.

Having concluded that Rudnick is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____Pickering_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Connie J. Steinheimer, District Judge
Washoe County Alternate Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A