An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER AUGELLO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64706

CHRISTOPHER EDWARD AUGELLO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64779

**FILED**

MAY 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

These are appeals from judgments of conviction, pursuant to guilty pleas, of possession of a credit card without consent and fraudulent use of a credit card. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge. We elect to consolidate these appeals for disposition. *See* NRAP 3(b)(2).

In Docket No. 64706, appellant Christopher Augello contends that the district court abused its discretion at sentencing by not addressing whether Augello provided substantial assistance to law enforcement and by imposing the maximum sentence. We disagree. NRS 453.3405(2) does not include possession of a credit card without consent as a charge in which the district court is required to make a specific finding as to whether a defendant has provided substantial assistance. *See Parrish v. State*, 116 Nev. 982, 988, 12 P.3d 953, 956 (2000) (the substantial assistance reduction is "intended to provide an incentive to drug-trafficking offenders to cooperate with law enforcement in the investigation of other drug traffickers"). Moreover, Augello's guilty plea

14-15295

was not contingent upon providing substantial assistance. As to Augello's sentence, this court will not disturb a district court's sentencing determination absent an abuse of discretion. *Id.* at 989, 12 P.3d at 957. While Augello was sentenced to a prison term of 19 to 48 months, the maximum possible sentence, it is within the parameters provided by the relevant statutes, *see* NRS 193.130(2)(d) (category D felony punishable by prison term of 1 to 4 years); NRS 205.690(2) (possession of a credit card without consent punishable as a category D felony), and Augello does not allege that those statutes are unconstitutional. Further, Augello has not demonstrated that the district court relied solely on impalpable or highly suspect evidence. *See Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). We therefore conclude that the district court did not abuse its discretion at sentencing.

In Docket No. 64779, Augello argues that the district court abused its discretion at sentencing by imposing a consecutive sentence to his sentence in Docket No. 64706. Further, Augello argues that the district court failed to make findings in support of its sentencing decision. We have consistently afforded the district court wide discretion in its sentencing decision, *see e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and it is within that discretion to impose consecutive sentences, *see* NRS 176.035(1). Here, the district court noted Augello's prior criminal record, his drug abuse, and his history of committing crimes to support his drug use before sentencing him to a consecutive prison term of 19 to 48 months. The sentence falls within the parameters provided by the relevant statutes, *see* NRS 193.130(2)(d) (category D felony punishable by prison term of 1 to 4 years); NRS 205.760(1) (fraudulent use of a credit card punishable as a category D felony), and Augello does not allege that

those statutes are unconstitutional or that the district court relied on impalpable or highly suspect evidence. *See Silks*, 92 Nev. at 94, 545 P.2d at 1161. We conclude that the district court did not abuse its discretion at sentencing. Accordingly, we

ORDER the judgments of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Scott N. Freeman, District Judge
      Washoe County Public Defender
      Washoe County Alternate Public Defender
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A