An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JEREMIAH FITZGERALD SHAW,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65483

**FILED**

OCT 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to a guilty plea of two counts of causing the death of another by driving a vehicle while under the influence of a controlled substance and two counts of causing substantial bodily harm to another by driving a vehicle while under the influence of a controlled substance. Second Judicial District Court, Washoe County; Jerome Polaha, Judge. Appellant Jeremiah Fitzgerald Shaw presents three issues for our review.

First, Shaw claims that his sentence of four consecutive prison terms of 96 to 240 months constitutes cruel and unusual punishment because it is excessive and unreasonable given his limited criminal history and the mitigation evidence that he presented at sentencing. However, Shaw does not claim that the relevant statute is unconstitutional, *see Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996), his sentence falls within the parameters of that statute, *see* NRS 484C.430(1) (formerly NRS 484.3795(1)), and we are not convinced that the sentence is so grossly disproportionate to the gravity of the offenses as to shock the

14-34379

conscience, *see Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion); *Blume*, 112 Nev. at 475, 915 P.2d at 284. Accordingly, we conclude that Shaw's sentence does not violate the constitutional proscriptions against cruel and unusual punishment.

Second, Shaw claims that the district court abused its discretion at sentencing by relying upon suspect evidence and improper argument. He specifically argues that "[v]irtually each witness called by the State referenced the first sentencing result and asked the court to impose the same sentence. The State argued the same approach." Although a sentencing "court is privileged to consider facts and circumstances which clearly would not be admissible at trial," *Silks v. State*, 92 Nev. 91, 93-94, 545 P.2d 1159, 1161 (1976), we "will reverse a sentence *if it is supported solely* by impalpable and highly suspect evidence," *Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996). We conclude that the victims' and State's calls for a maximum sentence were not evidence and Shaw has not demonstrated that the district court abused its sentencing discretion. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009).

Third, Shaw claims that the prosecutor committed misconduct by arguing that the district court should impose the same sentence that was previously imposed. Shaw did not object to the prosecutor's sentencing argument and he has not demonstrated plain error because there was no error: the prosecutor was merely arguing for the punishment he thought was appropriate. *See Valdez v. State*, 124 Nev. 1172, 1190, 196

P.3d 465, 477 (2008) (reviewing unpreserved claims of prosecutorial misconduct for plain error).

Having concluded that Shaw is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. Jerome Polaha, District Judge
        Karla K. Butko
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

_____

[1]The fast track statement does not comply with formatting requirements of NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not have one-inch margins on all four sides. We caution appellant's counsel that future failure to comply with the applicable rules when filing briefs in this court may result in the imposition of sanctions. *See* NRAP 3C(n)