An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL JOSEPH GEIGER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66104

**FILED**

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

MICHAEL JOSEPH GEIGER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66115

## ORDER OF AFFIRMANCE IN DOCKET NO. 66104 AND ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING IN DOCKET NO. 66115

These are consolidated appeals from judgments of convictions, pursuant to nolo contendere pleas, of possession of a stolen motor vehicle (district court case no. CR13-1515) and possession of a credit card and/or debit card without consent and fraudulent use of a credit and/or debit card (district court case no. CR13-1712). Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

First, appellant Michael Joseph Geiger contends that the district court abused its discretion by ordering his sentence for district court case no. CR13-1515 to run consecutive to a life sentence imposed in an unrelated case because it violates the purpose of NRS 176.035(1) (providing that, when two or more sentences are pronounced and the district court is silent as to how the sentences will be served, the default is

 

14-37303

that the sentences run concurrently). The district court is afforded wide discretion in its sentencing decision, *see Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and absent sole reliance on impalpable or highly suspect evidence, we will not interfere with the district court's imposition of a sentence within statutory guidelines, *see Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Geiger does not allege that the district court relied on impalpable or highly suspect evidence nor that his sentence of 2 to 5 years falls outside the statutory parameters, *see* NRS 193.130; NRS 205.273(4). Moreover, it is within the district court's discretion to impose consecutive sentences, *see* NRS 176.035(1). We disagree with Geiger's argument that his consecutive sentence violates the purpose of NRS 176.035(1) and conclude that the district court did not abuse its discretion at sentencing.

Next, Geiger claims that his convictions for possession of a credit and/or debit card without consent and fraudulent use of a credit or debit card in district court case no. CR13-1712 violate the Double Jeopardy Clause. He argues that possession of a credit and/or debit card without consent is a lesser-included offense of fraudulent use of a credit or debit card and he cannot be convicted of both. The State concedes the error, and we agree. *See Moore v. State*, 122 Nev. 27, 35, 126 P.3d 508, 513 (2006). Therefore, we reverse the portion of the judgment of conviction in district court case no. CR13-1712 adjudicating Geiger guilty of being in possession of a credit and/or debit card without consent and remand for the district court to correct the judgment of conviction.

Accordingly, we

ORDER the judgment of conviction in Docket No. 66104 AFFIRMED and the judgment of conviction in Docket No. 66115

(O) 1947A

AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                              Cherry

cc:    Hon. Connie J. Steinheimer, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk