# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67431

FILED

MAR 1 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, home invasion, and first-degree murder. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

First, appellant Frank Smith contends that the district court erred by denying his fair-cross-section challenge to the jury venire. To demonstrate a fair-cross-section violation, a defendant must show: (1) the group alleged to be excluded is a distinctive group in the community; (2) the representation of the group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) the underrepresentation is due to systematic exclusion in the jury-selection process. *Williams v. State*, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005). Here, when resolving the challenge, the district court made several comments which suggested that it might be considering factors other than the three identified above. Smith did not object to the comments and therefore it is difficult to place them in context. But even assuming that the district court erroneously considered additional factors, we conclude that no relief is warranted. We reject Smith's contention that this claim implicates structural error. *See Cortinas v. State*, 124 Nev. 1013, 1024, 195 P.3d 315, 322 (2008) (explaining the narrow circumstances where a district court commits

16-08475

structural error). Instead, we will affirm if the district court reached the right result, *see Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970), which it did because Smith failed to satisfy the second and third elements of the challenge. Although Smith asserts that he was prevented from satisfying these elements because the district court did not hold an evidentiary hearing, he did not request a hearing nor allege sufficient facts to warrant a hearing under the circumstances. *See Cortes v. State*, 127 Nev., Adv. Op. 4, 260 P.3d 184, 187-88 (2011); *see also Williams*, 121 Nev. at 940, 125 P.3d at 631. Therefore, we conclude that no relief is warranted on this claim.[1]

Second, Smith contends that the district court abused its discretion by denying his motion to sever his trial from his codefendant's because they had antagonistic defenses. *See Marshall v. State*, 118 Nev. 642, 646-47, 56 P.3d 376, 379 (2002) (explaining that this court will not reverse a district court's decision regarding joinder absent an abuse of discretion). We disagree.[2] Smith did not testify at trial or present witnesses, but in closing argument his counsel claimed that the victim

---

[1]Smith's reliance on *Buchanan v. State*, 130 Nev., Adv. Op. 82, 335 P.3d 207 (2014), is misplaced because *Buchanan* holds "when a defendant moves the court to strike a jury venire, *and the district court determines that an evidentiary hearing is warranted*, it is structural error for the district court to deny the defendant's challenge before holding that hearing to determine the merits of the motion." (emphasis added).

[2]The State asserts that we should decline to review this claim because, while Smith's codefendant moved to sever the trials, Smith did not. Our review of the record indicates that Smith joined in the motion. We note, however, that Smith erroneously includes in his appendix documents relating to the motion to sever filed by his codefendant at their prior trial.

might have started the incident and Smith was only guilty of second-degree murder. Smith's codefendant argued that the encounter started before he arrived and Smith fired the fatal shot. We are not convinced that these defenses are antagonistic. *See, e.g., Butler v. State*, 797 S.W.2d 435, 437 (Ark. 1990) (discussing antagonistic defenses). Regardless, "antagonistic defenses are a relevant consideration but not, in themselves, sufficient grounds for concluding that joinder of defendants is prejudicial." *Id.* at 648, 56 P.3d at 379. Instead, an appellant "must show that the joint trial compromised a specific trial right or prevented the jury from making a reliable judgment regarding guilt or innocence." *Id.* at 648, 56 P.3d at 380. Smith fails to make that showing.

Third, Smith contends that the district court abused its discretion by allowing the State to introduce a surveillance video on the grounds that it was unauthenticated and constituted inadmissible hearsay evidence.[3] Having considered Smith's arguments and reviewed the record, we are not convinced that the district court abused its discretion. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (stating that the district court's evidentiary decisions are reviewed for an abuse of discretion). Appellant fails to convince us that the video constitutes hearsay or that the district court abused its discretion by admitting it. Therefore, we conclude that no relief is warranted on this claim.

---

[3]Smith also contends that the State failed to preserve the original surveillance video pursuant to *Crockett v. State*, 95 Nev. 859, 603 P.2d 1078 (1979). We decline to consider this assertion because Smith did not raise it below. We note, however, that Smith offers no explanation as to how the original video was exculpatory and all of the evidence in the record suggests otherwise.

Fourth, Smith contends that the district court erred by allowing a detective to narrate the contents of the surveillance video. We review the district court's decision to allow this testimony for an abuse of discretion. *See Burnside v. State*, 131 Nev., Adv. Op. 40, 352 P.3d 627, 640 (2015). Smith fails to demonstrate that the district court abused its discretion because most of the narration appropriately highlighted portions of the video which were relevant to law enforcement's investigation. Even assuming that some of the narration was improper because it constituted an interpretation of the video, any error was undoubtedly harmless given the nature of the video and the overwhelming evidence against Smith. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008). Therefore, we conclude that no relief is warranted on this claim.

Fifth, Smith contends that the district court erred by refusing his proffered transition instruction. We review a district court's refusal to give a jury instruction for an abuse of discretion and whether the instruction was a correct statement of law de novo. *See Nay v. State*, 123 Nev. 326, 330, 167 P.3d 430, 433 (2007). The district court did not err or abuse its discretion because the instruction given at trial was a correct statement of law, *see Green v. State*, 119 Nev. 542, 547, 80 P.3d 93, 96 (2003), whereas the instruction proposed by Smith was misleading and therefore he was not entitled to it, *see Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005) (holding that a defendant is not entitled to misleading instructions). Therefore, we conclude that no relief is warranted on this claim.

Sixth, Smith contends that the prosecutor inappropriately shifted the burden of proof to him when questioning a witness. We disagree. Smith asked a State's witness whether a piece of evidence she

collected was on an exhibit list and she replied that it was not.[4] During redirect, the prosecutor asked the witness if "anybody" had asked her to bring evidence to court and the defense objected. The district court properly overruled the defense's objection because this exchange did not shift the burden of proof to the defense or suggest that the defense had a duty to present evidence. *See Barron v. State*, 105 Nev. 767, 778, 783 P.2d 444, 451 (1989). Moreover, the jury was properly instructed regarding the State's burden of proof. Therefore, we conclude that no relief is warranted on this claim.

Seventh, Smith contends that the district court abused its discretion at sentencing by relying solely upon a California juvenile adjudication for murder when imposing sentence. We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). But because Smith failed to object below, we review for plain error. *See Valdez*, 124 Nev. at 1189, 196 P.3d at 476. Smith fails to demonstrate plain error. Although he challenges the validity of the adjudication and a description of it in his Presentence Investigation Report, these documents have not been provided on appeal

---

[4]Smith does not identify the evidence, but the record reflects that the parties were referring to a curtain obtained from the crime scene. Smith offers no explanation of the curtain's relevance and its probative value is not apparent from the record.

and we cannot say that they constitute highly suspect evidence. We note that Smith essentially admitted he committed the acts forming the basis of the adjudication at sentencing. And despite Smith's contention that the district court's sole reliance on the adjudication was evidenced by the fact that he received a different sentence from his codefendant, the district court specifically stated that Smith's juvenile background, while relevant, would not form the basis of the sentence. The district court also identified numerous distinctions between Smith and his codefendant and explained why they warranted different sentences. Therefore, we conclude that no relief is warranted on this claim.

Eighth, Smith contends that cumulative error warrants relief. Having considered the relevant factors, *see Valdez*, 124 Nev. at 1195, 196 P.3d at 481, we conclude that no relief is warranted.

Having considered Smith's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. Scott N. Freeman, District Judge
Law Office of Thomas L. Qualls, Ltd.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk