# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRAZIER PIERCE YOUNG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75854

**FILED**

JUN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of conspiracy to violate the Uniform Controlled Substances Act. First Judicial District Court, Carson City; James E. Wilson, Judge.

After accepting appellant Frazier Young's guilty plea based on his involvement in transporting items used to prepare and manufacture methamphetamine, the district court sentenced him to 24 to 60 months. Young claims that the district court abused its discretion by sentencing him based on a materially untrue fact and uncharged prior crimes. Specifically, Young argues that the district court's comment that manufacturing methamphetamine is "a totally different category of participation in dealing death and destruction," demonstrates that it believed he actually manufactured methamphetamine, instead of merely conspiring to do so. We disagree.

This court has consistently afforded district courts wide discretion in criminal sentencing decisions, *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009), and will interfere only where the record demonstrates "prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *id.* (quoting *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976)). In reviewing the record, we conclude that the district court's comment did not show that it considered unsupported facts or suspect

19-26039

evidence; instead, the court commented on Young's charge and his guilty plea, wherein he stated that he conspired "to prepare and manufacture methamphetamine." Indeed, the record shows that the district court considered the mitigating and aggravating factors presented by the parties; did not reference prior uncharged crimes; and recognized that Young was *involved* with manufacturing, but not *actually* manufacturing, a controlled substance. *See Denson v. State*, 112 Nev. 489, 494, 915 P.2d 284, 287 (1996) ("While a district court has wide discretion to consider prior uncharged crimes during sentencing, the district court must refrain from punishing a defendant for prior uncharged crimes.").

Furthermore, Young's sentence is within the statutory range for his offense and not grossly disproportionate to the crime committed given the surrounding facts and his criminal history. *See* NRS 453.401 (designating the penalties for conspiracy under the Uniform Controlled Substances Act); NRS 193.130(2)(c) (providing the applicable sentence range); *Allred v. State*, 120 Nev. 410, 420, 92 P.3d 1246, 1253 (2004) (providing that even a severe sentence is constitutionally sound when it is within statutory guidelines, so long as the underlying statute is constitutional and the sentence is not grossly disproportionate to the crime committed). Therefore, we conclude that the district court did not abuse its discretion in sentencing Young. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____*Pickering*_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. James E. Wilson, District Judge
Kay Ellen Armstrong
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk