IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTIAN JOEL SCOTT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81071

FILED

JUL 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge. Appellant Christian Joel Scott argues that the district court erred in denying his petition without conducting an evidentiary hearing. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. For purposes of the prejudice prong with respect to appellate counsel, a

21-19793

petitioner must demonstrate that any issues omitted by appellate counsel would have had a reasonable probability of success on appeal. *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong, but we review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by "specific factual allegations that are not belied or repelled by the record and that, if true, would entitle [the petitioner] to relief." *Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Scott first argues that trial and appellate counsel should have objected to the district court's demand that he speak at sentencing and express remorse. He argues that this violated his Fifth Amendment right to remain silent throughout the proceedings. The record belies this claim. The district court judge did not demand that Scott express remorse but made clear that he sought to better understand Scott and how he felt about the crime, his life, and the consequences of his actions. These are proper considerations at sentencing. *See Denson v. State*, 112 Nev. 489, 494, 915 P.2d 284, 287 (1996) (noting that the sentencing court should consider matters going to a "defendant's life, health, habits, conduct, and mental and moral propensities" (internal quotation marks omitted)). Unlike at trial, the record repels Scott's claim that he intended to remain silent at sentencing, where he spoke at length with minimal prompting and no indicia of an intent to invoke the Fifth Amendment were present. Accordingly, Scott has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Scott next argues that trial counsel should have permitted him to testify at trial, as he desired, about his fear that the victims were going to run him over with their car as he sought to escape after the robbery. The decision whether to testify lies with a defendant, and Scott was canvassed on that decision and indicated that he understood his rights in declining to testify. *See Lara v. State*, 120 Nev. 177, 182, 87 P.3d 528, 531 (2004) (finding no deficient performance where defendant had the decision whether to testify, counsel advised him about that right, and defendant indicated that he understood the right when canvassed). Accordingly, Scott has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Scott next argues that trial counsel should have offered the murder victim's statement, through the testimony of the surviving victim, that he intended to run Scott over with his car. He argues that this would have bolstered the self-defense theory. It is the law of the case that the murder took place in a continuous transaction with the robbery. *See Scott v. State*, Docket No. 73182 (Order of Affirmance, July 26, 2018) (impliedly holding that the killing occurred in a continuous transaction with the robbery when concluding that the district court did not err in denying an instruction about intervening acts); *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975) (stating law-of-the-case doctrine). As Scott was the original aggressor and the robbery was not yet complete when he shot at the victims, Scott had not withdrawn and did not have a right to act in self-defense. *See Runion v. State*, 116 Nev. 1041, 1051, 13 P.3d 52, 59 (2000) (recognizing that self-defense is not available to an original aggressor); *Echavarria v. State*, 108 Nev. 734, 748, 839 P.2d 589, 599 (1992) (holding that robbery includes acts taken in attempting to escape for purposes of felony murder);

*Payne v. State*, 81 Nev. 503, 505-08, 406 P.2d 922, 924-25 (1965) (stating that felony murder encompasses a killing linked to the predicate felony as in one continuous transaction). Moreover, the surviving victim testified that it was *his* intent to run Scott over; additional evidence that the decedent shared this intent when neither communicated that intent to Scott would not have led to a reasonable probability of a different outcome. Accordingly, Scott has not shown deficient performance or prejudice in trial counsel's omission. The district court therefore did not err in denying this claim without an evidentiary hearing.

Scott next argues that trial and appellate counsel should have challenged the jury instruction on self-defense because it did not comport with that stated in *Runion*. Scott proffers an alternative jury instruction based on *Runion* that does not state the limitations on self-defense for an original aggressor. Accordingly, the proffered instruction did not correctly state the law of self-defense as it applied to this case, and the district court would have refused to give the proffered instruction. *See Runion*, 116 Nev. at 1051, 13 P.3d at 58-59 (providing that district courts should tailor self-defense jury instructions to the facts of the case). Accordingly, Scott has not shown deficient performance or prejudice in trial and appellate counsel's omissions in this regard. The district court therefore did not err in denying this claim without an evidentiary hearing.

Scott next argues that trial and appellate counsel should have challenged the sentence as improperly based on his lack of remorse. The record belies this claim. Not only did Scott express remorse in describing his feelings about the crime, the proceedings, and the consequences, but the district court made clear that the sentence was based on the senselessness and wanton disregard for human life that the crimes showed. Scott has not

shown that either a trial or appellate challenge had merit. Accordingly, he has not shown deficient performance or prejudice by trial or appellate counsel in omitting this challenge. The district court therefore did not err in denying this claim without an evidentiary hearing.

Scott next argues that appellate counsel should have challenged the sentence as unreasonable, cruel and unusual, and a shock to the conscience because it was equivalent to a life sentence. "A sentence within the statutory limits is not cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (internal quotation marks omitted). The district court sentenced Scott in accordance with the statutory parameters. *See* NRS 193.165; NRS 193.330; NRS 200.030; NRS 200.380. Scott has not challenged the constitutionality of those statutes, and we are not convinced that the sentence imposed is so unreasonably disproportionate to the offense as to shock the conscience. Scott's sentence is not cruel or unusual, and the district court acted within its discretion. While Scott was a juvenile when he committed these crimes, his reliance on *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Roper v. Simmons*, 543 U.S. 551 (2005), is misplaced, as those are capital cases while Scott will be eligible for parole.[1] Scott has not shown that an appellate claim had merit and, accordingly, has not shown deficient performance or prejudice in its

---

[1]NRS 213.12135(1)(b) (providing for parole eligibility after 20 years for prisoner convicted of offenses committed as a juvenile that result in the death of only one victim); *State v. Boston*, 131 Nev. 981, 363 P.3d 453 (2015) (recognizing provision in NRS 213.12135 applies to aggregate consecutive sentences).

omission. The district court therefore did not err in denying this claim without an evidentiary hearing.

Scott next argues that appellate counsel should have challenged the PSI report's inclusion of juvenile referrals that did not result in juvenile adjudication. He argues that including these incidents caused the sentence to run afoul of *Silks v. State*, 92 Nev. 91, 545 P.2d 1159 (1976). Scott does not allege that the information was inaccurate. It was proper for the PSI to contain and for the district court to consider Scott's juvenile record when imposing its sentence. *See* NRS 62H.030(3)(b); NRS 176.145(1); *Thomas v. State*, 88 Nev. 382, 385, 498 P.2d 1314, 1316 (1972) (holding it proper to consider a defendant's juvenile record in sentencing). And even if the juvenile instances were suspect evidence, the record belies Scott's claim that the district court relied solely on them in sentencing, as it focused on characteristics of the crime. *See Silks*, 92 Nev. at 94, 545 P.2d at 1161 (providing that a sentence may not rest solely on "impalpable or highly suspect evidence"). As an appellate claim lacked merit, Scott has not shown deficient performance or prejudice in appellate counsel's omission here. The district court therefore did not err in denying this claim without an evidentiary hearing.

Lastly, Scott argues that appellate counsel should have raised a due process challenge to the exclusion of his mother from the courtroom. The State had noticed Scott's mother as a potential witness and invoked the exclusionary rule set forth in NRS 50.155. Scott does not identify any authority suggesting that a due process claim had merit in these circumstances. Accordingly, Scott has not shown deficient performance or prejudice in appellate counsel's omitting this claim. The district court therefore did not err in denying this claim without an evidentiary hearing.

Having considered Scott's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, Sr.J.
Gibbons

cc:    Hon. Scott N. Freeman, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.